UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

AGCS MARINE INSURANCE COMPANY;                  :
WEATHERFORD ARTIFICIAL LIFT SYSTEMS,                 22 Civ. 09283 (LGS)
LLC;                                             :
                         Plaintiffs,
              v.                                 :     **STIPULATION AND**
                                   **PROPOSED**
M/V IMABARI LOGGER (bearing International         :     **CONFIDENTIALITY ORDER**
Maritime Organization No.  9663855), her engines,
tackle, boilers, etc., *in rem*; DANMAR LINES LTD;    :
DANMAR LINES AG d/b/a DANMAR LINES
LTD., DANZAS CORPORATION d/b/a DANMAR             :
LINES LTD. *in personam,*

                                      :

                    Defendants.

-------------------------------------------------------------------------x

       WHEREAS, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

       ORDERED that the following restrictions and procedures shall apply to the

information and documents exchanged by the parties in connection with the pre-trial phase of this

action:

       1. Counsel for any party may designate any document or information, in whole or in part,

as confidential if counsel determines, in good faith, that such designation is necessary to protect

the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive

non-public information ("Confidential Information"). Information and documents designated

by a party as confidential will be stamped "CONFIDENTIAL."

       2. The Confidential Information disclosed will be held and used by the person receiving

such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute and, in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. Each receiving party and its counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

e. The parties: in the case of parties that are corporations or other business entities, "party" shall mean employees of a party with a need to review Confidential material in connection with the management, prosecution, defense or settlement or resolution of this lawsuit; and,

f. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.  No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential under this Order.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.  The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or

protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.   Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3 ("Individual Rules and Procedures for Civil Cases").

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. As to each insurance agreement deemed confidential which is  subject to mandatory Rule 26(a)(1)(A) disclosure, a receiving party shall have the right to use the document and the information contained therein for purposes of settlement enforcement, judgement enforcement as well as bankruptcy matters,  and  the return of the document in such circumstances is not required until 30 days after such settlement, judgement or bankruptcy claim is paid and satisfied.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

So Ordered.

Dated: February 27, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Law Office
David L. Mazaroli

By_____
      David L. Mazaroli
Attorney for Plaintiffs
250 Park Avenue – 7th Floor
New York, NY 10177
Tel. (212)267-8480
Fax (212)732-7352
E-mail: dlm@mazarolilaw.com

BLANK ROME LLP
Attorneys for Defendant
M/V IMABARI LOGGER, *in rem*

By: _____
      Noe S. Hamra
1271 Avenue of the Americas
New York, NY 10020
(212)885-5430
E-mail: Noe.Hamra@blankrome.com

BROWN GAVALAS & FROMM LLP
Attorneys for Defendants
DANMAR LINES LTD., DANMAR LINES AG
and DANZAS CORPORATION

By:_____
    Peter Skoufalos
60 East 42nd St., Suite 4600
New York, NY 10165
Tel: 212 983-8500
E-mail: pskoufalos@browngavalas.com

Dated: New York, New York
   February ___, 2023

          So Ordered:

          _____
            Lorna G. Schofield
            United States District Judge

Law Office
David L. Mazaroli

By_____
  David L. Mazaroli
Attorney for Plaintiffs
250 Park Avenue – 7th Floor
New York, NY 10177
Tel. (212)267-8480
Fax (212)732-7352
E-mail: dlm@mazarolilaw.com

BLANK ROME LLP
Attorneys for Defendant
M/V IMABARI LOGGER, *in rem*

By: _____
  Noe S. Hamra
1271 Avenue of the Americas
New York, NY 10020
(212)885-5430
E-mail: Noe.Hamra@blankrome.com

BROWN GAVALAS & FROMM LLP
Attorneys for Defendants
DANMAR LINES LTD., DANMAR LINES AG
and DANZAS CORPORATION

By:_____
  Peter Skoufalos
60 East 42nd St., Suite 4600
New York, NY 10165
Tel: 212 983-8500
E-mail: pskoufalos@browngavalas.com

**EXHIBIT A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *AGCS Marine Insurance Company et ano v M/V IMABARI LOGGER et al*. filed in the US District Court, Southern District of New York under Index No. 23-cv-09283-LGS, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20__

_____
Signature

_____
Name (printed)

*Signed in the presence of:*

_____
Witness Signature